IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-338-D
No. 5:11-CV-106-D

LAYT KHALIL MOHAMMAD YOUNIS,      )
                                  )
                 Petitioner,      )
                                  )
        v.                        )          **ORDER**
                                  )
UNITED STATES OF AMERICA,         )
                                  )
                 Respondent.      )

On April 6, 2010, Layt Khalil Mohammad Younis ("Younis" or "petitioner") pleaded guilty pursuant to a plea agreement to conspiracy to smuggle monetary instruments into the United States in violation of 18 U.S.C. § 371 [D.E. 32–33]. On July 7, 2010, this court sentenced Younis to 33 months' imprisonment [D.E. 37]. Younis did not appeal. Pet. 3. On March 7, 2011, Younis filed a motion to vacate under 28 U.S.C. § 2255 [D.E. 42]. Younis asserts as his sole ground for relief the ineffective assistance of counsel. Pet. 5. Specifically, he alleges that his trial counsel, Samuel J. Randall, IV ("trial counsel"), failed to file a notice of appeal per his request. Id. The government filed a response to the petition [D.E. 48]. In that response, the government asks the court to re-enter an identical judgment, thereby restarting Younis's time for filing a notice of appeal, and to dismiss Younis's petition as moot. See, e.g., United States v. Glover, 363 F. App'x 989, 991 (4th Cir. 2010) (per curiam) (unpublished). However, the government refuses to concede ineffectiveness on the part of trial counsel, and only requests the relief "in an abundance of caution." Gov't Resp. 2.

"[A] criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel . . . ." United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). However, before providing the relief sought by the government, the court must make a finding that Younis's constitutional rights were actually

infringed. 28 U.S.C. § 2255(b); see, e.g., United States v. Velascu, No. 10-7067, 2011 WL 1881923, at *1 (4th Cir. May 18, 2011) (per curiam) (unpublished); United States v. Kirby, 36 F. App'x 76, 77 (4th Cir. 2002) (per curiam) (unpublished). Here, the government refuses to concede that trial counsel was ineffective. Thus, the matter remains in dispute, and the court cannot enter a finding on the record currently before it. Therefore, the court DIRECTS that trial counsel submit an affidavit stating whether he consulted with Younis about an appeal and whether he promised to note an appeal but failed to do so. See Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000); Peak, 992 F.2d at 42.

SO ORDERED. This ⁊ day of June 2011.

JAMES C. DEVER III
United States District Judge